**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| RAUL PADILLA-RUIZ and VIVIAN J. FRANCESCHINI-RODRIGUEZ and their CONJUGAL PARTNERSHIP (Legal Society of Earnings), <br><br> **Plaintiffs,** <br><br> **v.** <br><br> UNITED STATES OF AMERICA, *et al.,* <br><br> **Defendants.** | **CIVIL NO.** 11-1393 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court is the federal defendants' motion and co-defendant Israel Reyes Betancourt's motions to dismiss plaintiffs' case. (Docket Nos. 18, 19, 20 and 21.)

**I.   Background**

On April 25, 2011, plaintiffs Raul Padilla-Ruiz ("Padilla") and Vivian J. Franceschini-Rodriguez ("Franceschini"), and their conjugal partnership (collectively, "plaintiffs") brought suit in this Court against the United States of America, Attorney General Eric Holder, United States Attorney Rosa E. Rodriguez-Velez, the Department of the Army, Secretary of the Army John McHugh, LTC Francisco Betancourt, LTC Jose Plaza, LTC Ismael Reyes-Betancourt, COMTek Communication Technologies, Inc., John Cray, and other unnamed defendants (collectively, "defendants") alleging tort claims, civil rights claims, constitutional claims, USERRA claims,

SCRA claims, *Possee Comitatus* claims, HIPPA claims, and Privacy Act
claims.

Plaintiff Padilla, a member of the Army Reserve, worked for
COMTek at the Reserve Officer Training Corps (ROTC), Interamerican
University (IAU) Office, San German, P.R., from July 1, 2002 until
August 13, 2008, when he was terminated.  (Docket No. 1 at 4.)  On
October 10, 2006, plaintiff Padilla was ordered to active duty by
the U.S. Army Reserve.  Id. at 8.  On October 26, however,
plaintiff Padilla was released from active duty and returned to
Puerto Rico without being deployed to Iraq.  Id.  Plaintiff Padilla
was asked to return to work on November 13, 2006 in order to give
his replacement time to finish his time sheet and transition out of
his job.  Id.  In March 2008, co-defendant LTC Plaza took command
of the U.S. Army Cadet Command, ROTC Battalion at Mayagüez (which
includes the IAU Office) and appointed an investigating officer to
conduct a Commanders Inquiry to investigate allegations of fraud,
misconduct, poor leadership and lack of integrity against plaintiff
Padilla.  Id. at 10.  Co-defendant LTC Plaza requested that COMTek
dismiss plaintiff Padilla due to the findings of the investigation,
and plaintiff Padilla was terminated by COMTek on August 13, 2008.
Id. at 10.

On September 9, 2009, plaintiff Padilla filed an
administrative tort claim under the Federal Tort Claims Act (FTCA)
with the Army.  (Docket No. 19-1 at 5-8.)  On May 26, 2010, his

claim was denied on the basis that plaintiff Padilla's allegations were based on the actions of COMTek, not U.S. Government employees. (Docket No. 19-1 at 1.)  Also on September 9, 2009, plaintiff Franceschini filed an administrative tort claim with the Army, but it was returned to her on September 30, 2009 for being improperly filed.  (Docket No. 19-2.)

On July 22, 2009, plaintiffs filed a complaint in this Court against COMTek and John Cray, COMTek's manager, alleging similar violations of their rights.  (09-cv-1695, Docket No. 34 at 1.)  On April 26, 2010, that complaint was dismissed without prejudice, because the Court held that the forum selection clause in plaintiff Padilla's contract with COMTek was enforceable and the suit should have been brought in federal court in the Eastern District of Virginia.  Id. at 8-9.

Thereafter, on April 25, 2011, plaintiffs filed the complaint in this action.  The federal defendants filed a motion to dismiss on August 31, 2011 (Docket Nos. 18 & 19) and co-defendant Reyes filed a motion to dismiss on the same date.  (Docket Nos. 20 & 21.)  Plaintiffs responded to both motions to dismiss on October 19, 2011.  (Docket Nos. 34 & 35.)  The federal defendants filed a reply on October 31, 2011.  (Docket No. 36.)

## II.  Legal Standards

### A.    Standard Under 12(b)(1)

Federal courts are courts of limited jurisdiction. Destek Grp. v. State of N.H. Pub. Utils. Comm'n., 318 F.3d 32, 38 (1st Cir. 2003).  Accordingly, "federal courts have the duty to construe their jurisdictional grants narrowly." Fina Air, Inc. v. United States, 555 F. Supp. 2d 321, 323 (D.P.R. 2008) (citing Alicea-Rivera v. SIMED, 12 F. Supp. 2d 243, 245 (D.P.R. 1998)). Because federal courts have limited jurisdiction, the party asserting jurisdiction carries the burden of showing the existence of federal jurisdiction. Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998) (internal citations omitted).

Pursuant to Rule 12(b)(1), a party may move to dismiss an action for lack of subject-matter jurisdiction.  Fed.R.Civ.P. 12(b)(1); see also Valentin v. Hosp. Bella Vista, 254 F.3d 358, 362 (1st Cir. 2001) (discussing how Rule 12(b)(1) is the "proper vehicle for challenging a court's subject-matter jurisdiction."). Motions brought pursuant to Rule 12(b)(1) are subject to a similar standard as Rule 12(b)(6) motions.  Defendants state that they are moving to dismiss this action pursuant to both Rules 12(b)(1) and 12(b)(6).

Subject-matter jurisdiction is properly invoked when a colorable claim "arising under" the Constitution or laws of the United States is pled. 28 U.S.C. § 1331; Arbaugh v. Y&H Corp., 546

U.S. 500, 513 (2006) (internal citation omitted).  Usually, a claim arises pursuant to federal law if a federal cause of action emerges from the face of a well-pleaded complaint.  See Viqueira, 140 F.3d at 17 (internal citations omitted).  In considering a Rule 12(b)(1) motion, therefore, "[the district court] must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor."  Merlonghi v. U.S., 620 F.3d 50, 54 (1st Cir. 2010) (citing Valentin v. Hosp. Bella Vista, 254 F.3d at 363).

**B.    Standard Under 12(b)(6)**

Rule 12(b)(6) allows a court to dismiss a complaint when it fails to state a claim upon which relief can be granted.  When considering a motion filed pursuant to Rule 12(b)(6), a court must accept the "well-pleaded facts as they appear in the complaint, extending [the] plaintiff every reasonable inference in his [or her] favor."  Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 34 (1st Cir. 2002).  "[A]n adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim."  Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  When faced with a motion to dismiss, "[a] plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action."  Id. at 12 (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009)).  Any "[n]on-conclusory factual allegations in the complaint [, however,] must . . . be

treated as true, even if seemingly incredible." Id. (citing Iqbal, 129 S.Ct. at 1951). Where those factual allegations "'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' the claim has facial plausibility." Id. (quoting Iqbal, 129 S.Ct. at 1949). Furthermore, a court may not "attempt to forecast a plaintiff's likelihood of success on the merits; 'a well-pleaded complaint may proceed even if . . . a recovery is very remote and unlikely'." Id. at 13 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). The relevant inquiry, therefore, "focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." Id.

        According to Rule 12(b)(6), a court must base its determination solely on the material submitted as part of the complaint or central to it. Fudge v. Penthouse Int'l. Ltd., 840 F.2d 1012, 1015 (1st Cir. 1988). Generally, "a court may not consider documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001). "When . . . a complaint's factual allegations are expressly linked to - and admittedly dependent upon - a document (the authenticity of which is not challenged), [however,] that document effectively merges into the pleadings and the trial court can review it in deciding a

motion to dismiss under Rule 12(b)(6)." <u>Beddall v. State St. Bank & Trust Co.</u>, 137 F.3d 12, 17 (1st Cir. 1998) (internal citation omitted).  This is especially true where the plaintiff has "actual notice . . . and has relied upon these documents in framing the complaint." <u>Watterson v. Page</u>, 987 F.2d 1, 4 (1st Cir. 1993).

## IV.  Discussion

The Court proceeds by addressing each of plaintiffs' claims for relief and defendants' arguments for dismissal independently.

### A.    Tort Claims

Plaintiffs allege a violation of their rights under the Federal Tort Claims Act (FTCA).  Defendants make the following arguments regarding plaintiffs' FTCA claims:  (1) they are untimely; (2) plaintiffs failed to exhaust their administrative remedies; (3) plaintiffs' tort claims against individual federal defendants are barred; and (4) plaintiffs' tort claims against individual federal defendants are untimely.  (Docket No. 19 at 10-12.)  In their reply, plaintiffs argue that their FTCA claims are not time-barred because their claims are subject to equitable tolling.  (Docket No. 34 at 7.)

In order to bring an FTCA claim, "a claimant must file an Administrative Claim with the appropriate federal agency within two years of the accrual of the claim and then file a tort claim

against the United States[1] within six months after a denial of (or
failure to act upon) that claim by the administrative agency."
Roman v. Townsend, 224 F.3d 24, 27 (1st Cir. 2000) (citing 28
U.S.C. §§ 2401(b), 2675) (emphasis supplied).  Plaintiffs do not
contest the applicability of the administrative requirements to
their case, but merely focus on the argument that plaintiffs'
failure to abide by the requirements is not fatal to their FTCA
claims because equitable tolling applies.  Specifically, plaintiffs
allege that after Padilla's administrative tort claim was denied by
the Army on May 26, 2010,[2] he requested copies of the
investigations that led to his dismissal and the results of several
of the administrative complaints against him, which were released
to him in redacted form on November 16, 2010.  Id. at 6.  A few
months after receiving the report, Padilla again filed an
administrative tort claim on March 24, 2011, which was denied on
April 7, 2011. (Docket No. 34-2.)  Shortly thereafter, on April 25,
2011, plaintiff filed the complaint in this case.

       As plaintiffs readily admit, equitable tolling is a
remedy reserved "for exceptional cases." (Docket No. 34 at 8,
citing Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 279

---

       [1] Because the FTCA allows claims **only** against the United
States, any claim brought by plaintiffs against the other
defendants pursuant to the FTCA is **DISMISSED with prejudice.**

       [2] Because plaintiff Franceschini's administrative claim was
improperly filed, her FTCA claim in this case is **DISMISSED with
prejudice** for failure to exhaust her administrative remedy.

(1st Cir. 1999) (finding that "equitable tolling is not appropriate unless a claimant misses a filing deadline because of circumstances effectively beyond her control (such as when her employer actively misleads her, and she relies on that misconduct to her detriment).") Plaintiff Padilla argues that his claims are subject to equitable tolling because he "made extensive discovery with all due diligence to get the documents/reports", but that the Army did not send him a redacted copy of his requested files until November 16, 2010. (Docket No. 34 at 7-8.) Plaintiff Padilla makes no connection (and the Court sees none) between his request of documents and the requirement that he needed to file suit within six months of receiving denial of his administrative tort claim. Indeed, plaintiff could have filed his suit immediately after receiving the documents he requested on November 16, 2010 and still have satisfied the six month deadline; plaintiff chose to wait until April 25, 2011, however, before filing a complaint in this case. Plaintiff has failed to satisfy his burden to prove that equitable tolling is appropriate - as a result, the Court declines to employ the equitable tolling doctrine in this case. See Bonilla, 194 F.3d at 279 (finding that equitable tolling was not available to plaintiff where she had "advanced no developed argumentation in support of her claim . . . [nor does she] allege any facts that remotely suggest a plausible basis for such relief.")

Plaintiffs fail to make any other substantive legal arguments in support of their FTCA claims, and as such, the Court need not consider the other defenses they raised.  See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived").  Because plaintiffs failed to bring their FTCA action before the Court "within six months of the denial of their Administrative Claim", the claim is effectively time-barred.  See Roman, 224 F.3d at 27.  As a result, defendants' motion to dismiss plaintiffs' FTCA claim is **GRANTED.**

### B.  Civil Rights Claims

Plaintiffs next allege a violation of their civil rights pursuant to 18 U.S.C. § 1983.  Defendants maintain that plaintiffs' section 1983 claims should be dismissed because (1) they are barred by the statute of limitations, and (2) none of the defendants is a person acting under the color of state law.  (Docket No. 19 at 13-14.)  In response, plaintiffs simply allege that their civil rights claims should not be dismissed for being untimely because their claims are subject to equitable tolling.  (Docket No. 34 at 7-8.)  Plaintiffs do not dispute that claims brought under section 1983 borrow the forum state's statute of limitations for personal injury claims, and that "Puerto Rico's one-year prescriptive period governing tort actions" is applicable to their claims.  See Santana-

Civil No. 11-1393 (FAB)                                           11

<u>Castro v. Toledo-Davila</u>, 579 F.3d 109, 114 (1st Cir. 2009).  The statute of limitations "begins to run when the plaintiff knows or has reason to know of the injury which is the basis for his claim." <u>Id.</u> (citations omitted).  The statute of limitations began to run on plaintiffs' claim on the date plaintiff Padilla was terminated from employment with COMTek on August 13, 2008.  Plaintiffs did not file a complaint in this Court against the federal defendants until April 25, 2011, almost three years after plaintiff Padilla knew of the injury which was the basis for his claim.  Thus, because plaintiffs' claim is clearly untimely, and because plaintiffs are not entitled to equitable tolling (as discussed above), defendants' motion to dismiss plaintiffs' section 1983 civil rights claims is **GRANTED.**

     **C.   Constitutional Claims**

        Plaintiffs    also    allege    a    violation    of    their constitutional rights, which defendants claim should be dismissed because (1) the United States has not waived its sovereign immunity for constitutional damages claims, (2) plaintiffs' <u>Bivens</u> claims against the individual federal defendants are untimely, and (3) to the extent the Court has jurisdiction, defendants LTC Betancourt, LTC Plaza, and LTC Reyes are entitled to qualified immunity.  In their response, plaintiffs simply state that with respect to defendants' arguments regarding the United States' sovereign immunity, "it is partially [sic] conceded."  The plaintiffs make no

effort to develop this line of argumentation further, and while the standard to survive a motion to dismiss is a low one, plaintiffs again fall woefully short of meeting it with respect to their constitutional claims. See Zannino, 895 F.2d at 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived").  As defendants accurately point out, plaintiffs' Bivens claims against the individual federal defendants are time-barred, "because more than one year had elapsed between" the date plaintiff Padilla was terminated and the filing of plaintiffs' complaint. (Docket No. 19 at 15-16, citing Roman, 224 F.3d at 27 (1st Cir. 2000)).  Because plaintiffs' constitutional claims are time-barred, the Court need not address the merits of defendants' qualified immunity argument. As a result, defendants' motion to dismiss plaintiffs' constitutional claims is **GRANTED.**

   D.   **USERRA Claims**

        Plaintiffs also bring claims against defendants under the Uniformed Services Employment and Reemployment Act ("USERRA"), 38 U.S.C. § 4301, et seq., which prohibits employers, including federal agencies, from discriminating against employees on the basis of their military status.  The purpose of USERRA is not to protect employees from tortious acts of employers, but to prevent, and to compensate service members for, employment discrimination based on military status.  See Gordon v. Wawa Inc., 388 F.3d 78,

84-85 (3rd Cir. 2004).   Defendants argue that this Court lacks
jurisdiction because in cases where the employer is a "federal
executive agency", as defined under section 4303(5), jurisdiction
is conferred exclusively upon the Merit Systems Protection Board
(MSPB).   While the First Circuit Court of Appeals has not yet
addressed this exact issue, the Second Circuit Court of Appeals has
addressed it squarely and has held that "[s]ection 4324 does not
authorize a private USERRA action against the Federal Government,
as an employer, in federal district court; rather, it confers
jurisdiction upon the [MSPB].   Dew v. United States, 192 F.3d 366,
372 (2nd Cir. 1999) (citing 38 U.S.C. § 4324(b); see also Yates v.
MSPB, 145 F.3d 1480, 1483 (Fed.Cir. 1998)) (finding that "[t]he
MSPB is authorized to determine whether a federal executive agency
has complied with USERRA and, if necessary, to compel that agency's
compliance with the statute.")   A plaintiff seeking to invoke
USERRA against a federal agency has the right to appeal a decision
of the MSPB; however, those decisions "are subject to review in the
Court of Appeals for the Federal Circuit."   Dew, 192 F.3d at 372
(citing 38 U.S.C. § 4324(d)).   Plaintiffs' only argument in
response is that the language of the USERRA statute only implies
that USERRA claims "may" be brought before the MSPB, and thus, that
plaintiffs' claim "must" not be before the MSPB.   (Docket No. 34
at 17.)   Plaintiffs cite to no caselaw affirming this argument, and
the Court declines to entertain arguments made with no legal

foundation.  As a result, defendants' motion to dismiss plaintiffs'
USERRA claims is **GRANTED**.

    **E.    SCRA Claims**

        Plaintiffs bring claims against defendants for violations
of the Servicemembers Civil Relief Act (SCRA).  In their response,
plaintiffs agreed that the SCRA "claims should be dismissed because
no such allegations are at issue in this case."  (Docket No. 34
at 18.)   Thus, defendants' motion to dismiss plaintiffs' SCRA
claims is **GRANTED**.

    **F.    *Posse Comitatus* Claims**

        Next, plaintiffs bring claims under the *Posse Comitatus*
Act, 18 U.S.C. § 1385, alleging that the Commanders Inquiry
conducted against plaintiff Padilla pursuant to Army Regulation 15-
6 "to investigate allegations of fraud, misconduct, poor leadership
and lack of integrity against plaintiff" was in violation of the
*Posse Comitatus* Act.  (Docket No. 1 at ¶ 19.)  Defendants allege
that the *Posse Comitatus* claims should be dismissed, because the
*Posse Comitatus* Act does not provide a private cause of action, and
because the investigation undertaken against plaintiff Padilla was
purely administrative, not criminal, in nature.  (Docket Nos. 19
at 22 & 36 at 9-10.)   In their response, plaintiffs simply
reiterate their allegations that "[t]he criminal investigation
ordered by co-defendant LTC Plaza against the plaintiff violates
his civil rights", because "[p]laintiff was never provided with the

Civil No. 11-1393 (FAB)                                          15

findings of the investigation against him, nor was he given any
opportunity in the investigation to confront witness (sic), produce
evidence, etc in violation of . . . the Posse Comitatus Act . . .
."  (Docket No. 34 at 18.)

        Defendants accurately point out that the *Posse Comitatus*
Act is a criminal statute that does "not provide [a] private
cause[] of action."  Robinson v. Overseas Military Sales Corp., 21
F.3d 502, 511 (2nd Cir. 1994).  Moreover, the Court finds that the
investigation conducted pursuant to Army Regulation 15-6 was an
administrative proceeding, and not a criminal investigation.  See
Docket No. 36-2.  As a result, defendants' motion to dismiss the
*Posse Comitatus* claims is **GRANTED.**

        **G.   HIPAA Claims**

        Plaintiffs next bring a cause of action under the Health
Insurance Portability and Accountability Act (HIPAA), claiming that
LTC Betancourt released false medical and private information to
investigators.  (Docket No. 1 at ¶ 27.)  Defendants allege that
plaintiffs' HIPAA claim must be dismissed, because HIPAA does not
provide a private cause of action.  (Docket No. 19 at 23.)
Plaintiffs "concede" that it is the government who can initiate an
action for violations of HIPAA, and state that "as to now nothing
has been done by any of the agencies with the duty imposed by law."
(Docket No. 34 at 19.)  Plaintiffs also make a bizarre argument
that equitable tolling applies to the HIPAA claims, although

defendants have made no allegations that plaintiffs' claims are barred by the statute of limitations. This Court has previously held that while "HIPAA provides for civil and criminal penalties to be imposed on persons who improperly handle or disclose individually identifiable health information . . . the law specifically indicates that only the Secretary of Health and Human Services or authorized state authorities may bring forth a HIPAA enforcement action." Valentin Muñoz v. Island Finance Corp., 364 F.Supp. 2d 131, 136 (D.P.R. 2005) (citations omitted). Moreover, the Valentin-Muñoz court noted that HIPAA provides neither an express nor an implied private cause of action. Id. As a result, this Court lacks jurisdiction over plaintiffs' HIPAA claims and defendants' motion to dismiss those claims is **GRANTED.**

**H.   Privacy Act Claims**

Finally, plaintiffs bring claims under the Privacy Act, claiming that plaintiffs' right to privacy was violated when LTC Betancourt allegedly released false medical and private information to investigators. (Docket No. 1 at ¶ 27.) Defendants argue that plaintiffs' Privacy Act claims should be dismissed because (1) their claims are time-barred by the statute of limitations, and (2) the Privacy Act does not provide a cause of action against individuals. (Docket No. 19 at 23-24.) In their response, plaintiffs maintain that their Privacy Act claims should not be dismissed as untimely because equitable tolling applies.

Plaintiffs do not dispute that the statute of limitations for a Privacy Act claim is two years, and that "the date on which the cause of action [arose]" in this case is, at the very latest, the date of plaintiff Padilla's termination by COMTek on August 13, 2008. See 5 U.S.C. § 552a(g)(5). As discussed above, equitable tolling is not a proper remedy to be employed in this case. Moreover, defendants are correct that the Privacy Act does not provide a cause of action against individuals. Perez-Santos v. Malave, 23 Fed. Appx. 11 at *12 (1st Cir. 2011) (holding that "[t]he private right of action created by § 522a(g) of the Privacy Act is limited to actions against agencies of the federal government and does not apply to state agencies or individuals.") Indeed, even the case cited in plaintiffs' response holds that individual defendants are not "proper parties" to the suit, because the Privacy Act "authorizes a suit against an agency only." Parks v. United States Internal Revenue Service, 618 F.2d 677, 684 (10th Cir. 1980). As a result, defendants' motion to dismiss plaintiffs' Privacy Act claims is **GRANTED.**

I.  **Personal Jurisdiction over Individual Defendants Betancourt and Plaza**

As a final matter, defendants' argument that the Court lacks personal jurisdiction over defendants Betancourt and Plaza because plaintiffs failed to enact proper service of process over them (Docket No. 19 at 9-10) is **MOOT,** because the Court has dismissed all of plaintiffs' claims for other reasons.

Civil No. 11-1393 (FAB)                                                    18

**V.    Conclusion**

    For  the  reasons  set  forth  above,  defendants'  motions  to dismiss plaintiffs' claims are **GRANTED.**   This case is **DISMISSED WITH PREJUDICE.**   Judgment shall be entered accordingly.

    **IT IS SO ORDERED.**

San Juan, Puerto Rico, September 27, 2012.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE
